IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CELLECTIS S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-890-SLR |
| | ) | |
| PRECISION BIOSCIENCES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| CELLECTIS S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 12-204-SLR |
| | ) | |
| PRECISION BIOSCIENCES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

Chad M. Shandler, Esquire and Travis S. Hunter, Esquire of Richards, Layton & Finger LLP. Counsel for Plaintiff. Of Counsel: Richard L. DeLucia, Esquire, Paul M. Richter, Jr., Esquire, and Anne Elise Herold Li, Esquire of Kenyon & Kenyon LLP.

Richard L. Horwitz, Esquire and David E. Moore, Esquire of Potter Anderson & Corroon LLP, Counsel for Defendant. Of Counsel: Robert J. Morris, Esquire and Francisco J. Benzoni, Esquire of Smith Anderson Blount Dorsett Mitchell & Jernigan LLP; E. Anthony Figg, Esquire, C. Nichole Gifford, Esquire and Sharon E. Crane, Ph.D., Esquire of Rothwell, Figg, Ernst & Manbeck, P.C.

**MEMORANDUM OPINION**

Dated: August 6, 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

These are related declaratory judgment actions brought by plaintiff Cellectis S.A. ("Cellectis") against Precision Biosciences Inc. ("Precision"), in which Cellectis seeks a judgment of patent invalidity and noninfringement with respect to Precision's U.S. Patent Nos. 8,021,867 ("the '867 patent") (Civ. No. 11-890), 8,119,361 ("the '361 patent") and 8,119,381 ("the '381 patent") (Civ. No. 12-204). Precision contemporaneously filed suits against Cellectis in the United States District Court for the Eastern District of North Carolina alleging infringement of these patents. Pending before the court are various motions filed by the parties. Precision moves to stay Civ. No. 11-890 pending a determination by the United States District Court for the Eastern District of North Carolina regarding the applicability of the first-filed rule. (D.I. 7) Precision has filed a similar motion in Civ. No. 12-204 (D.I. 21), in which case Cellectis has also filed several motions for leave to file amended complaints (D.I. 18, D.I. 20, D.I. 28). The court has jurisdiction to hear these motions pursuant to 28 U.S.C. § 1338.

## II. BACKGROUND

The litigation history between these parties is extensive and may be summarized by a series of races to the courthouse on nearly a dozen patents.[1] On September 26, 2011, Precision filed a complaint for patent infringement against Cellectis in the United States District Court for the Eastern District of North Carolina (hereinafter, *North Carolina III*), alleging infringement of the '867 patent. (E.D.N.C. Civ. No. 11-513, D.I. 1)

---

[1] Prior litigation between the parties has been described in the court's concurrent opinion in Civ. No. 11-173-SLR, which the court incorporates by reference. The court focuses here only on those facts pertinent to the motions at bar.

On September 30, 2011, Cellectis filed the complaint for declaratory judgment in Civ. No. 11-890 seeking judgment of invalidity and noninfringement of the '867 patent. (Civ. No. 11-890, D.I. 1) By its motion dated February 13, 2012, Precision asks this court to stay Civ. No. 11-890 pending a determination by Judge Malcolm J. Howard in *North Carolina III* as to whether (and how) to apply the first-filed rule to this dispute. (*Id.*, D.I. 7) On March 16, 2012, Cellectis moved to stay *North Carolina III* pending the resolution of a combined motion to dismiss Cellectis from several actions in that district[2] for lack of personal jurisdiction. (E.D.N.C. Civ. No. 11-513, D.I. 23, D.I. 24)

In the first few minutes of February 12, 2012, Precision filed two suits in the United States District Court for the Eastern District of North Carolina alleging that Cellectis infringes Precision's '361 and '381 patents.[3] (E.D.N.C. Civ. Nos. 12-76 & 12-77 (hereinafter, "*North Carolina IV & V*," respectively)) Thereafter on February 21, 2012, Cellectis filed a declaratory judgment suit in this court seeking judgment of invalidity and noninfringement of the '361 and '381 patents. (Civ. No. 12-204, D.I. 1) Cellectis filed an amended complaint on February 28, 2012 adding Precision's U.S. Patent No. 8,124,369 ("the '369 patent") to that case (Civ. No. 12-204). (*Id.* D.I. 6) Second and third amended complaints were filed on March 6 and 13, 2012, respectively, adding claims relating to Precision's U.S. Patent Nos. 8,129,134 ("the '134

---

[2]E.D.N.C. Civ. Nos. 11-513, 12-76, 12-77, 12-96, 12-112 and 12-124. (E.D.N.C. Civ. No. 11-513, D.I. 24 at iii) The motion to dismiss in *North Carolina III* was filed after the motion to stay, on May 11, 2012. (E.D.N.C. Civ. No. 11-513, D.I. 48) Precision amended its complaint in that action on June 1, 2012 (*id.*, D.I. 61); Cellectis has filed a consent motion to apply its combined motion to dismiss to the amended complaint (*id.*, D.I. 64).

[3]The suits were filed at 12:06 a.m. and 12:12 a.m., respectively.

2

patent") and 8,133,697 ("the '697 patent"). (*Id.*, D.I. 10; D.I. 13) Prior to Precision's answer (or entry of appearance), Cellectis thereafter filed a motion for leave to file a fourth amended complaint on March 27, 2012. (*Id.*, D.I. 18) Therein, Cellectis sought to add claims relating to newly-issued U.S. Patent Nos. 8,143,015 ("the '015 patent") and 8,143,016 ("the '016 patent") to this suit.[4] (*Id.* at 3) On April 3, 2012, Cellectis moved for leave to file a fifth amended complaint, adding proposed claims regarding U.S. Patent No. 8,148,098 ("the '098 patent"), issued that same day by the PTO. (D.I. 20 at 3) On each day Cellectis moved to amend the complaint in Civ. No. 12-204, Precision filed infringement actions in North Carolina on the '369, '134, '697, '015, '016, and '098 patents. (E.D.N.C. Civ. Nos. 12-98, 12-112, 12-124, 12-160, 12-161 & 12-174)

On April 3, 2012, Precision filed a motion requesting that this court stay the Civ. No. 12-204 pending a determination by the United States District Court for the Eastern District of North Carolina in parallel litigation as to whether (and how) to apply the first-filed rule to this dispute. (*Id.*, D.I. 21) On April 24, 2012, Precision filed suit in North Carolina for infringement of its newly-issued U.S. Patent No. 8,163,514 ("the '514 patent") (E.D.N.C. Civ. No. 12-219); Cellectis filed a motion for leave to file a sixth amended complaint adding claims relating to the '514 patent in Civ. No. 12-204 that same day (D.I. 28 at 3).

---

[4]Cellectis stated that its amended complaints were filed on each day the PTO issued the aforementioned patents. (D.I. 18 at 3)

3

## III. STANDARD

The Federal Circuit prefers "to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy and the just and effective disposition of disputes, require otherwise." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *rev'd on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). If applied, the rule counsels that a later-filed action involving the same controversy should be dismissed, transferred or stayed in favor of the first-filed action. *See id.* at 938; *accord E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 976-79 (3d Cir. 1988) ("[c]ourts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule").

"[D]istrict courts, typically the ones where declaratory judgment actions are filed, as occurred in the present controversy, will have to decide whether to keep the case or decline to hear it in favor of the other forum, most likely where the infringement action is filed." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) (emphasis added).

## IV. DISCUSSION

### A. Applicability of the First-Filed Rule

The court has two questions before it: (1) whether the first-filed rule applies; and, if so, (2) whether to proceed to evaluate whether any exceptions to the rule apply.

#### 1. Civ. No. 11-890 and *North Carolina III*

As to the first question, there is no dispute that Civ. No. 11-890 and *North Carolina III* involve the same parties and the same issues (infringement and validity of

4

the '867 patent). Cellectis argues that the first-filed rule should not apply in the first instance because the North Carolina courts lack jurisdiction over Cellectis. (Civ. No. 11-890, D.I. 10 at 6-7) (citing *Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*, 882 F. Supp. 359 (D. Del. 1994)) In *Tuff Torq*, this court denied defendants' motion to transfer the case to the United States District Court for the District of Iowa, where first-filed litigation was pending, since: (1) there was no dispute that jurisdiction did not exist in Iowa with respect to two defendants;[5] (2) defendants failed to demonstrate that the balance of convenience strongly favored transfer; and (3) the Delaware litigation was on track to proceed to resolution prior to the first-filed Iowa action. 882 F. Supp. at 362-64. The court concurrently denied defendants' motion to stay, stating that "[a] recognized reason to depart from [the first-filed] rule exists when the second filed case has developed more rapidly than the first." *Id.* at 364-65. The court also noted that "it is fundamentally unfair to stay litigation that has proceeded further than another previously filed litigation, particularly when in that previously filed action [plaintiff] is not even a party or seemingly subject to personal jurisdiction." *Id.* at 365.

Cellectis is a French company that maintains its principal place of business in Paris, France. (Civ. No. 11-890, D.I. 1 at ¶ 1) Cellectis has, however, previously sued Precision in North Carolina and, as the court previously noted, Cellectis "should not oppose litigating in a court in which it previously litigated without complaint." (*Id.*, D.I.

---

[5]The Iowa action was initiated by a defendant (Sauer, Inc.) that was incorporated in Delaware and had its principal place of business in Iowa. *Tuff Torq*, 882 F. Supp. at 360-61. A motion was filed in Iowa to add (as declaratory judgment plaintiffs) the two defendants referenced here. *Id.*

5

134 at 17)[6] Indeed, Cellectis's prior litigation supports the exercise of general personal jurisdiction over it in North Carolina. *See Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 2796 (2009) ("[W]e . . . have found jurisdiction where such 'other activities' in some identifiable way 'relate to' enforcement of th[e] patents in the forum."); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 885-86 (Fed. Cir. 2008). To put the point another way, it is not evident that the North Carolina court lacks personal jurisdiction and, therefore, the North Carolina court should make that determination in the first instance as the first-filed court.

### 2. Civ. No. 12-204 and *North Carolina IV & V*

In opposing Precision's motion for a stay in Civ. No. 12-204, Cellectis again relies on *Tuff Torq* in emphasizing that the North Carolina court's lack of jurisdiction over it renders the first-to-file rule irrelevant. (Civ. No. 12-204, D.I. 26 at 13-15) For the reasons articulated above, the court concludes that the first-filed rule is applicable to the mirror-image cases involving the '361 and '381 patents.

### B. Determination Regarding Exceptions

Having concluded that the first-filed rule applies, the remaining issue before the court on Precision's motion is whether a stay must be entered to allow the North Carolina court to effectuate the rule; i.e. to determine whether exceptions to the first-filed rule apply. The court answers in the affirmative. *See Micron Tech.*, 518 F.3d at 904; *Genentech, Inc. v. GlaxoSmithKline LLC*, Civ. No. 5:10-cv-4255, 2012 WL 4923954, *3-4 (N.D. Cal. Dec. 1, 2010).

---

[6]*Cellectis S.A. v. Precision Biosciences, Inc.*, Civ. No. 11-173, — F.3d —, 2012 WL 1556489, *9 (D. Del. May 3, 2012).

6

In sum, the parties' conduct has become unseemly; it is likely that both will continue to initiate suits (or move to amend pleadings) in both jurisdictions. The first-filed rule was designed to address situations such as this, in order to "avoid burden[s] on] the federal judiciary" and prevent inconsistency. Indeed, its application to this litigation will bring some order to the process. See E.E.O.C., 850 F.2d at at 977 (citation omitted). Therefore, the court stays the instant ligation and defers the remainder of the analysis (i.e., the determination of whether any exceptions to the rule may apply) to the North Carolina court.

**B. Motions to Amend**

Precision opposes Cellectis's second through sixth amended complaints in Civ. No. 12-204. Precision argues that Cellectis's second and third amended complaints are not properly before the court because Cellectis failed to obtain prior leave of court to file them as required by Federal Rule of Civil Procedure 15(a). (Civ. No. 12-204, D.I. 22 at 3-4; D.I. 24 at 10) Precision opposes Cellectis's motions for leave to file its fourth through sixth amended complaints on the basis that the patents at issue therein are the subject of earlier-filed North Carolina litigations. (Civ. No. 12-204, D.I. 24 at 12-14; D.I. 25 at 14-15; D.I. 31 at 18-19) Precision stresses that it would be "highly prejudicial" to it as "a small start-up company" to be required to litigate the same issues against Cellectis that are already pending in another federal court in an earlier-filed action. (Id., D.I. 24 at 11-12; D.I. 25 at 16; D.I. 31 at 18-19)

At this juncture, the court notes that Cellectis's counsel's declaration states that the PTO's website was monitored on the date of issuance of the '369, '134, '697, '015, '016 and '098 patents; in each case, the PTO published the patent images at

7

approximately 5:00 a.m. (D.I. 27, ex. 1 at ¶¶ 3-7) Cellectis apparently made the strategic decision that, insofar as it could not trump Precision's earlier filings in North Carolina, Cellectis would add the related, later-issuing patents to Civ. No. 12-204 via amended complaints rather than filing new complaints, avoiding first-to-file complications.

The court agrees with Precision that, because the amended complaints purport to add patents that issued after the original complaint was filed, Federal Rule of Civil Procedure 15(d) controls the inquiry. *See Masimo Corp. v. Philips Electronics North Am. Corp.*, Civ. No. 09-80, 2012 WL 1609899, *2-3 (D. Del. Apr. 20, 2010) (treating defendant's Rule 15(a) motion to amend counterclaims to assert a newly-acquired patent as a Rule 15(d) motion); *Aten Intern. Co., Ltd. v. Emine Tech. Co., Ltd.*, Civ. No. 09-843, 2010 WL 1462110, at *3-5 (C.D. Cal. Apr. 12, 2010) (analyzing motion to amend, adding two later-issued patents, under Rule 15(d)). Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (2012). Under either Rule 15(a) or 15(d), leave should be "freely given" "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Aten*, 2010 WL 1462110 at *3 (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)) (additional citation omitted).

In this case, Cellectis' first through third amended complaints were filed within 21

8

days of the original complaint – the time period in which Rule 15(a) permits a party to amend its pleadings as a matter of course. See Fed. R. Civ. Pro. 15(a) (2012). Cellectis's motions for leave to file the fourth through sixth amended complaints were each filed on the date each new patent issued (and on which Precision sued it in North Carolina). There is no indication of undue delay by Cellectis, nor any particular evidence of bad faith. See, gen., Cellectis, 2012 WL 1556489 at *9.

Precision filed its motion to stay between Cellectis's last two motions in lieu of an answer, and a schedule has not been entered by the court (containing, inter alia, a final date for amended pleadings). While Precision states that maintaining concurrent suits will affect financial hardship upon it, the court notes that there is insufficient evidence of record that any prejudice Precision may suffer would be "undue."

Notably, the '369, '134, '697, '015, '016, '098 and '514 patents are all related patents involving the same technology. Each claims priority to the '867 patent asserted in the original complaint in Civ. No. 11-890,[7] and the patents also share a common specification. "[T]here is substantial authority for allowing supplemental pleadings where the new infringement claims relate to the same technology or to new patents containing similar claims as those in the original patent."[8] See Lamoureux v. AnazaoHealth Corp., 669 F. Supp. 2d 227, 237 n.12 (D. Conn. 2009) (collecting cases).

---

[7]The '361 and '381 patents asserted in Civ. No. 12-204 were filed as continuing applications claiming priority to the '867 patent. It is unclear why Cellectis added the newly-issued patents to Civ. No. 12-204 ('361 and '381 patents at issue) rather than Civ. No. 11-890 ('867 patent at issue).

[8]The court does not reach Cellectis's argument that the newly-added claims "relate back" to the original filing date by virtue of their relation to the originally-pled patents.

For the aforementioned reasons, the court grants Cellectis's motions to amend.

## V. CONCLUSION

For the aforementioned reasons, Precision's motion to stay Civ. No. 11-890 pending a determination by the United States District Court for the Eastern District of North Carolina regarding the applicability of the first-filed rule is granted. (D.I. 7) Precision's parallel motion to stay Civ. No. 12-204 (D.I. 21) is also granted. Cellectis's motions for leave to file amended complaints in Civ. No. 12-204 are granted. (D.I. 18, D.I. 20, D.I. 28). An appropriate order shall issue.